IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**SHEILA BUTLER,**

                **Plaintiff,**

v.                                    Case 2:24-cv-02121-TLP-cgc

**PROMAN STAFFING,**

                **Defendant.**

---

### REPORT AND RECOMMENDATION ON
### DEFENDANT'S MOTION TO DISMISS

---

Before the Court is Defendant Proman Staffing's ("Proman") Motion to Dismiss (Docket Entry ("D.E.") #12). Pursuant to Administrative Order 2013-05, the instant motion has been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion to Dismiss be GRANTED.

**I.    Background**

This case arises from allegations of discrimination and retaliation in the hiring process for a temporary staffing position. On March 13, 2023, Plaintiff filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") detailing the alleged violations, which Plaintiff states occurred from September 15 to September 19 of 2022. (D.E. #12-1). Specifically, Plaintiff alleges that she applied through Proman for temporary staffing work at a company named "Flex Ltd." ("Flex") but that Flex declined to offer her employment because of her age (56) and her request for a reasonable accommodation based upon a disability (Lupus). (*Id.*)

On February 23, 2024, Plaintiff filed a *pro se* Complaint with this Court alleging violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq*. and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112, *et seq*. (D.E. #1).[1] Plaintiff's Complaint contains similar allegations regarding her attempt to be hired at Flex in mid-September 2022. (Compl. at PageID 4-8). Specifically, it states that she requested for Proman to assign her to "first shift warehouse" work and that Proman assigned her to interview with Flex. (*Id*. at PageID 4). However, Plaintiff alleges that, when she interviewed there, an employee at Flex commented that she wanted someone younger for the runner position and refused to hire her to work in another area because she requested to be able to have chair in case she needed it. (*Id*. at PageID 4-6). Plaintiff alleges that Proman did nothing further to assist her in gaining employment with Flex. (*Id*. at PageID 6).

Plaintiff's Complaint further states that she received the a Determination and Notice of Rights letter ("Notice of Right to Sue") in response to her EEOC Charge on November 24, 2023. (D.E. #1 at PageID 12-13). The Notice of Right to Sue states as follows: "If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days." (*Id*. at PageID 12).

On February 11, 2025, Proman filed the instant Motion to Dismiss. (D.E. #11, #12). First, Proman argues that Plaintiff's Complaint should be dismissed as time-barred because it was filed ninety-one days after Plaintiff stated she received the Notice of Right to Sue. Second, Proman

---

[1] Although Plaintiff alleges violations of the ADEA, she does not check the box alleging age discrimination on the Complaint. (Compl. ¶ 9 at PageID 9).

argues that Plaintiff's Complaint fails to state a claim upon which relief may be granted under either the ADEA or ADA.

Local Rule 12.1(b) required Plaintiff to respond to Proman's Motion to Dismiss within twenty-eight days after the motion was served. Plaintiff failed to do so. Accordingly, on April 24, 2025, this Court issued an Order to Show Cause directing her to do so. (D.E. #13). On May 8, 2025, Plaintiff filed her Response, but the Response fails to address the legal arguments raised in Proman's Motion to Dismiss. (D.E. #14).

## II.     Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)  A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

### III.   Proposed Analysis and Conclusions of Law

As a threshold question, Proman argues that Plaintiff's Complaint is untimely because it was not filed within ninety days of the date that Plaintiff states she received the Notice of Right to Sue.  *See* 42 U.S.C. § 2000e-5(f)(1).  When a plaintiff files a complaint outside of this ninety-day period, it must be deemed as time-barred and dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 558 (6th Cir. 2000).  This limitation period is "strictly enforced," and, even in the case of *pro se* plaintiffs, "even one day's delay is fatal to a claim."  *Williams v. Sears, Roebuck & Co.*, 143 F. Supp. 2d 941, 944-45 (W.D. Tenn. 2001); *see also Peete v. Am. Standard Graphic*, 885 F.2d 331, 331-32 (6th Cir. 1989) (affirming the dismissal of the complaint filed ninety-one days after receipt of the notice of right to sue); *Jeff Vernon v. Amazon Logistics, Inc.*, No. 2:20-cv-2949-JTF-cgc, 2023 WL 3981276, at *2 (W.D. Tenn. May 8, 2023), *report and recommendation adopted*, 2023 WL 3736280 (W.D. Tenn. May 31, 2023) (dismissing the complaint because the *pro se* plaintiff indicated that he received the notice of right to sue ninety-one days before he filed suit).  Here, Plaintiff's Complaint was filed ninety-one days following the date she alleges that she received the Notice of Right to Sue.  Accordingly, it is RECOMMENDED that Plaintiff's Complaint be dismissed pursuant to Rule 12(b)(6) as untimely.

Even if Plaintiff's Complaint had been timely filed, it fails to allege that Proman made any hiring decision or otherwise discriminated against or retaliated against her, as is required under both the ADA and the ADEA.  Instead, her allegations are that Flex did so, and it is not a defendant in this case.  Accordingly, it is RECOMMENDED that, even if Plaintiff's claim were not time-barred, it fails to state a claim upon which relief may be granted under either the ADA or ADEA.

## IV.     Conclusion

For the reasons set forth herein, it is RECOMMENDED that Proman's Motion to Dismiss be GRANTED.

**DATED** this 12th day of September, 2025.

<u>s/ Charmiane G. Claxton</u><br>
CHARMIANE G. CLAXTON<br>
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**