IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| SHEILA BUTLER, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | No. 2:24-cv-02121-TLP-cgc |
| v. | ) | |
| | ) | |
| PROMAN STAFFING, TIA JOHNSON, | ) | |
| TIARA PURNELL, and, JOANN | ) | |
| TRUJILLO, | ) | |
| | ) | |
|     Defendants. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pro se Plaintiff Sheila Butler sued Defendants Proman Staffing ("Proman"), Tia Johnson, Tiara Purnell, and Joann Trujillo on February 23, 2024. (ECF No. 1.)[1] She asserts that Defendants prevented her from applying for a job and then rejected her from a later job because of age and disability discrimination, respectively. (*Id.*)

Under Administrative Order 2013-05, the Court referred this case to Magistrate Judge Charmiane G. Claxton for management of all pretrial matters. Plaintiff is proceeding in forma pauperis. (ECF No. 7.) Defendant Proman moved to dismiss, asserting, among other arguments, that Plaintiff's claims were time-barred because she failed to sue within 90 days of receiving her Determination and Notice of Rights letter ("Right to Sue letter") from the EEOC as required by

---

[1] It is unclear whether Plaintiff intended to sue Defendants Tia Johnson, Tiara Purnell, and Joann Trujillo because while they were listed in the Complaint, they were not party to Plaintiff's Charge of Discrimination before the Equal Employment Opportunity Commission ("EEOC"). This discrepancy is not relevant to the Court's analysis because the Court finds that Plaintiff's claims here are time-barred and would be so for any of Defendant.

42 U.S.C. § 2000e-5(f)(1).  (ECF No. 12 at PageID 36–37.)  Judge Claxton issued a Report and Recommendation ("R&R") on September 12, 2025, and recommends the Court dismiss Plaintiff's claims.  (ECF No. 16.)

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain dispositive pretrial matters, including motions for summary judgment.  28 U.S.C. § 636(b)(1)(A)–(B).  And the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]."  28 U.S.C. § 636(b)(1).  A party may object to the proposed findings and recommendations "[w]ithin 14 days after being served with a copy of the recommended disposition."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  If neither party objects, then the district court reviews the R&R for clear error.  Fed. R. Civ. P. 72(b) advisory committee's note.  Judge Claxton entered her R&R in September 2025.  Plaintiff did not object, and the time to do so has now passed.  The Court therefore reviews the R&R for clear error.

## DISPOSITION AND CONCLUSION

Having reviewed the record, the Court finds no clear error in Judge Claxton's R&R.  The Court agrees with Judge Claxton that Plaintiff's Complaint fails to state claims of age and disability discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq*. and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112, *et seq*. against Proman because she filed suit outside the 90-window authorized by § 2000e-5(f)(1).  (*See* ECF No. 16 at PageID 53;) 42 U.S.C. § 2000e-5(f)(1).  Plaintiff alleges that she received the Right to Sue letter the same day the EEOC issued it.  Although the Court is skeptical that is really what occurred, she alleged that fact in her Complaint.  (*See* ECF No. 1 at PageID 10, 12.)

2

Unfortunately, "[a] pro se complaint must still 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" (ECF No. 16 at PageID 52 (citing *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011).) And "District Courts are also not 'required to create' a pro se litigant's claim for him." (*Id.* (citing *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003)).) The Sixth Circuit has said "[w]here, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The Court finds that same premise applicable here for a congressionally mandated deadline provided to Plaintiff in her Right to Sue letter. (*See* ECF No. 1 at PageID 12;) 42 U.S.C. § 2000e-5(f)(1). It is not the Court's role to presume that Plaintiff has made a mistake in pleading her case, especially since she has not objected to Judge Claxton's R&R, and so, the Court agrees that the claim is time-barred.

For these reasons, the Court **ADOPTS** the R&R and **DISMISSES** Plaintiff's claims.

**SO ORDERED**, this 30th day of September, 2025.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE